# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GERALD D. FULLER | * | |
| Petitioner | * | |
| v | * | Civil Action No. WMN-08-3489 |
| | * | |
| RODERICK R. SOWERS | * | |
| Respondent | * | |
| | *** | |

## MEMORANDUM

Pending is Respondent's Answer to the Petition for Writ of Habeas Corpus. Paper No. 10. Also pending is Petitioner's Motion for Default Judgment,[1] Objection to the Answer, and Amendments to the Petition. Papers No. 12—15. The matter is now ripe for this court's review.

## Background

Petitioner is an inmate serving two concurrent life sentences and a concurrent 20-year sentence for murder, rape, and robbery with a deadly weapon. He claims he has been denied application of diminution of confinement credits toward a mandatory release date. Paper No. 1. He claims the statutory scheme in Maryland does not exclude application of credits to life sentences and the award of credits without benefit is a violation of his due process rights. *Id*.

Petitioner was sentenced to life first-degree murder on August 20, 1979, in the Circuit Court for Baltimore City. Paper No. 10 at Ex. 1. The sentence commenced on October 25, 1978. Petitioner received another life sentence from the Circuit Court for Baltimore City for first-degree rape on October 24, 1979, which was made "concurrent with sentence now serving."

---

[1] Petitioner presents no basis entitling him to default judgment. Respondent filed a timely Answer addressing the claims raised in the petition, therefore, Petitioner's Motion for Default Judgment shall be denied.

[2] *Id*. at Ex. 2.    Because Petitioner is serving two concurrent life sentences, he has not been awarded diminution of confinement credits to reduce the length of his incarceration. *Id*. at Ex. 4. Under the current method, Petitioner will remain incarcerated for the rest of his life unless he is paroled, his sentence is modified, or there is an act of executive clemency on his behalf.

## Standard of Review

Because Petitioner is asserting that the sentence imposed by the state court is, in some manner, being misinterpreted by the Division of Correction, the petition is analyzed under 28 U.S.C. §2241.  A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. §2244(d).   This section provides:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the

---

[2] Petitioner also received a concurrent 20-year term for robbery with a deadly weapon.

>pertinent judgment or claim is pending shall not be counted toward
any period of limitation under this subsection.

This one-year period is, however, tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. See 28 U.S.C. §2244(d)(2); Harris v. Hutchinson, 209 F. 3d 325, 328 (4th Cir.2000). The instant petition is appropriately analyzed under § 2244 (d) (1), which requires the court to determine the date on which the factual predicate of Petitioner's claim concerning application of credits could have been discovered.

Petitioner states he became aware of the issue concerning diminution of confinement credits in 2001. Paper No. 14. In June of 2001, Petitioner filed for habeas corpus relief in the Circuit Court for Washington County. Paper No. 10 at Ex. 5. He raised the claim that he should be awarded diminution of confinement credits to shorten the duration of his incarceration and the refusal of the Department of Correction to give him credits in that manner violated his due process rights. Id. In July 2001, the Circuit Court denied the petition. Id. at Ex. 6. Petitioner appealed the decision to the Maryland Court of Special Appeals, which issued an unreported decision dated April 18, 2002, affirming the judgment of the Circuit Court. Id. at Ex. 7. The Maryland Court of Appeals denied a petition for writ of certiorari on August 23, 2002. Id. at Ex. 8. In addition to these attempts to gain relief, Petitioner filed a complaint with the Inmate Grievance Office (IGO) and appealed the adverse decisions through the Maryland courts. See Paper No. 1 at Ex. 1. [3] Petitioner states that it is the denial of his appeal of an administrative agency decision that prompted the instant Petition for Writ of Habeas Corpus. Paper No. 13.

---

[3] The Circuit Court for Washington County denied the appeal of an administrative agency decision on January 10, 2007. Paper No. 1 at Ex. 1, p. 31. The Maryland Court of Special Appeals denied Petitioner's application for leave to appeal on July 29, 2008. Id. at pp 1—2 .

3

By Petitioner's own admission he knew of the factual predicate to his claim in 2001. If the date of the final determination of the issue by the state court is used as the date the one-year limitations period began to run, the filing deadline for a federal habeas corpus petition was August 23, 2003. The instant petition was filed on December 30, 2008. Petitioner cannot resurrect the limitations period by raising the same matter in a different state forum. Thus the instant petition is untimely and must be dismissed.

12/21/09
Date

/s/
_____
William M. Nickerson
Senior United States District Judge